UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

HARVEY LEE TURNER,

    Petitioner,

v.

SCOTT P. FISHER,

    Respondent.

Civil No. 12-2035 (JNE/SER)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2005, Petitioner pled guilty to various criminal charges pending against him in the United States District Court for the Northern District of Illinois. After the trial court found

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); *Mickelson v. United States*, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; *Bostic v. Carlson*, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); *Rothstein v. Pavlick*, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

Petitioner to be a "career offender" he was sentenced to 292 months. Currently, Petitioner is serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

This is Petitioner's second § 2241 habeas corpus case in this District. In the previous case, (*Turner v. Fisher*, Civil No. 10-4353 (JNE/SER), [hereafter "*Turner I*"]), Petitioner contended that his career offender sentence should be vacated based on the Supreme Court's later decisions in *Begay v. United States*, 553 U.S. 137 (2008) and *Johnson v. United States*, 130 S.Ct. 1265 (2010). This Court recommended that *Turner I* be dismissed for lack of jurisdiction, because "Petitioner was sentenced under the statutory maximum for the crimes of conviction without [a career offender] sentence enhancement." (*Turner I*, Report and Recommendation dated October 5, 2011, [Docket No. 16], p. 9.) The presiding District Court Judge, Judge Joan N. Ericksen, subsequently dismissed *Turner I* for lack of jurisdiction, but she did so for reasons that were different from those offered by this Court. (*Turner I*, Order dated October 31, 2011, [Docket No. 19], reported at 2011 WL 5176808.) Petitioner made no effort to appeal the District Court Judge's ruling in *Turner I*.

Here, Petitioner is again attempting to challenge the 292-month sentence that was imposed in his criminal case in the Northern District of Illinois. Once again, he is claiming that *Begay* and *Johnson* have invalidated his career offender status, and that he should be re-sentenced without being treated as a career offender. Petitioner candidly acknowledges that he "now wishes to reiterate his same claim" – i.e., the same claim presented in *Turner I*. (Petition, [Docket No. 1], p. 2.) "[T]his time," however, Petitioner wants to argue the "sentence… imposed is a miscarriage of justice as well as against the laws of the United States, and Constitutional law, in that the sentence imposed exceeds the statutory maximum of the crime

involved." (*Id.*)

The Court finds that the present case is legally indistinguishable from *Turner I*, and the case must therefore be summarily dismissed for the reasons set forth in Judge Ericksen's order in *Turner I*.

## II. DISCUSSION

As Judge Ericksen explained in *Turner I*, a federal prisoner is generally precluded from challenging his original conviction or sentence in a § 2241 habeas corpus petition. "It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Section 2255 normally is the exclusive means by which a federal prisoner can collaterally challenge his conviction or sentence. No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has demonstrated affirmatively that the § 2255 remedy "'is inadequate or ineffective to test the legality of...[his] detention.'" *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (*per curiam*), quoting 28 U.S.C. § 2255. The "inadequate or ineffective remedy" exception that § 2255(e) creates is sometimes called the "savings clause," because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147 (2005).

In *Turner I*, Judge Ericksen determined that Petitioner's collateral challenge based on *Begay* and *Johnson* could not be adjudicated in a § 2241 habeas corpus proceeding, because

3

Petitioner had "not demonstrated that the remedy of § 2255 is inadequate or ineffective." 2011 WL 5176808 at *2. In other words, the savings clause did not apply to Petitioner's *Begay-Johnson* claim. *Turner I* was therefore dismissed for lack of jurisdiction. *Id*.

Judge Ericksen's ruling in *Turner I* was based on a collection of federal appellate court cases holding that the savings clause can be applied only when a § 2241 habeas petitioner is claiming to be "actually innocent" of the offense for which he was convicted, and **not** when he is claiming to be "actually innocent" of the sentence he received. *Id*. As stated in one of the cases cited in *Turner I*, "a claim of actual innocence of a career offender enhancement is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under § 2241." *Glover v. Tamez*, 426 Fed.Appx. 342, 343 (5th Cir. 2011) (unpublished opinion). *See also Collins v. Ledezma*, 400 Fed.Appx. 375, 376, (10th Cir. 2010) (unpublished opinion) ("[a] claim of actual innocence with respect to a noncapital sentence enhancement, rather than an underlying crime, does not come within the scope of § 2255's savings clause"), *cert. denied*, 132 S.Ct. 1142 (2012).[2]

Petitioner is attempting to evade Judge Ericksen's ruling in *Turner I* by arguing that he is not presently asserting an "actual innocence" claim, but rather, he is now claiming that his sentence constitutes a "miscarriage of justice."[3] Petitioner cannot, however, circumvent *Turner*

---

[2] Several additional Circuit Court cases were cited in *Turner I*, and the common holding of those cases – i.e., that the savings clause is not available for a collateral challenge to a sentence – has been followed in several district court cases as well. *See e.g., Fisher v. Walton*, No. 5:11-CV-14411 (E.D.Mich. 2011), 2011 WL 5143146 at *3 (petitioner's "claim that he is 'actually innocent' of his sentencing enhancement is insufficient to allow him to proceed under § 2241").

[3] Petitioner has failed to identify any meaningful distinction between "actual innocence"

4

*I* by simply recasting old arguments in new terminology. Regardless of whether Petitioner uses the term "actual innocence," or "miscarriage of justice," or any other phraseology, he still cannot collaterally challenge his sentence in a § 2241 habeas corpus petition. That is the fundamental and inescapable essence of Judge Ericksen's ruling in *Turner I*.[4]

## III. CONCLUSION

In sum, based on the District Court Judge's ruling in Petitioner's previous habeas corpus case, the Court finds that the savings clause does not allow Petitioner to collaterally challenge his sentence by means of a § 2241 habeas corpus petition. Judge Ericksen's rationale for dismissing *Turner I* is fully applicable to the present case. The Court will therefore recommend

---

and "miscarriage of justice," and the Court notes that in post-conviction proceedings, the United States Supreme Court seems to view those two terms as being essentially synonymous. *See United States v. Olano*, 507 U.S. 725, 736 (1993) ("[i]n our collateral-review jurisprudence, the term 'miscarriage of justice' means that the defendant is actually innocent").

[4] Petitioner's present arguments are based, in part, on another § 2241 case decided in this District – *Talbott v. Fisher*, Civil No. 10-1553 (PJS/JJK). In that case, the magistrate judge initially recommended that the petitioner's habeas corpus petition should be summarily dismissed for lack of jurisdiction, because he could not use the savings clause to collaterally challenge his sentence enhancement in a § 2241 proceeding. The district court judge declined to adopt that recommendation, and remanded the case for further review. Thereafter, the magistrate judge recommended that the case be dismissed with prejudice, (and not for lack of jurisdiction), and that second recommendation was adopted by the district court judge. *See Talbott v. Fisher*, Civil No. 10-1553 (PJS/JJK) (D.Minn. 2011), 2011 WL 2112437. While *Talbott* arguably provides some support for Petitioner's current arguments, Judge Ericksen declined to follow *Talbott* in *Turner I*. See *Turner I*, 2011 WL 5176808 at *2, n. 2. Moreover, Judge Ericksen's perspective on *Talbott* appears to have been vindicated by the Eighth Circuit Court of Appeals' later decision in *Talbott*. The Court of Appeals did not specifically adopt the district court's reasoning in *Talbott*, but rather the Court concluded, (as Judge Ericksen did in *Turner I*), that the petitioner's collateral challenge to his sentence could not be brought in a § 2241 habeas corpus proceeding, "because he did not establish that a remedy under 28 U.S.C. § 2255 in the sentencing court would be inadequate or ineffective." *Talbott v. Fisher*, 439 Fed.Appx. 564 (8th Cir. 2011), (unpublished opinion), *cert. denied*, 132 S.Ct. 1730 (2012). In light of Judge Ericksen's decision in *Turner I*, and the Eighth Circuit's decision in *Talbott*, the district court's disposition of *Talbott* will not be followed here.

5

that Petitioner's current § 2241 habeas corpus petition be summarily dismissed for lack of jurisdiction.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be summarily **DISMISSED** for lack of jurisdiction.

Dated: September 27, 2012

*s/Steven E. Rau*
Steven E. Rau
U.S. Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 11, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.